**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JACKIE WILSON (A-91126),** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 09 C 7772 |
| | ) | |
| **WARDEN TERRY McCANN,** | ) | **Judge Ronald A. Guzmán** |
| **MAJOR LAKE, SERGEANT CARROLL,** | ) | |
| **JOHN DOE MEDICAL STAFF,** | ) | |
| **OFFICER STICKLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Jackie Wilson, an inmate at Stateville Correctional Center, filed this *pro se* suit pursuant to 42 U.S.C. § 1983, claiming that defendants violated his constitutional right to access to the courts. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the following reasons, the Court grants the motion.

**Facts**

Starting December 31, 2007, plaintiff asked prison employees to return his legal materials to him so he could respond to a summary judgment motion in a suit he had filed in the Central District of Illinois. (Compl. ¶¶ 4-5.) Sometime after January 24, 2008, plaintiff received the materials and asked the judge presiding over his case for an extension of time to respond to the motion. (*Id.* ¶ 17.) The judge denied his request and, on March 4, 2008, ruled in the defendants' favor on the summary judgment motion. (*Id.* ¶ 18.)

Plaintiff alleges that, sometime after the March 4 ruling, he filed a grievance regarding denial of access to the courts, which his counselor rejected. (*Id.* ¶ 19.) Plaintiff says he then filed his

grievance with the grievance officer and an appeal before the prison administrative review board ("ARB"), both of which were rejected. (*Id.* ¶¶ 20-21.)

On March 16, 2008, plaintiff filed an emergency grievance. (Pl.'s Br. Opp'n Mot. Summ. J. 6.) On March 20, 2008, defendant McCann replied that the grievance was not an emergency and told plaintiff to use the ordinary grievance procedures. (*Id.*) Plaintiff did so, but his grievance was never resolved. (*See id.* at 7-9.)

**Discussion**

To prevail on a summary judgment motion, "the pleadings, the discovery and disclosure materials on file, and any affidavits [must] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

Defendants contend that they are entitled to judgment as a matter of law because plaintiff failed to exhaust the prison's administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (stating that the district court must determine whether remedies have been exhausted before proceeding to the

merits). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

Among other things, the IDOC grievance procedure requires an inmate to submit a grievance to the grievance officer within sixty days of the inmate's discovery of the event or problem underlying the grievance. ILL. ADMIN. CODE tit. 20, § 504.810. Plaintiff alleges that the incident giving rise to the grievance, the denial of his legal materials, started on December 31, 2007. (Compl. ¶¶ 4-5.) Thus, under the IDOC grievance procedure, he had until February 29, 2008[1] to file a timely grievance. *See* ILL. ADMIN. CODE tit. 20, § 504.810. Plaintiff alleges that he filed grievances sometime after March 4, 2008 and on March 16, 2008. (Compl. ¶¶ 18-19; Pl.'s Br. Opp'n Mot. Summ. J. 6.) Plaintiff has submitted a copy of the March 16 grievance, but he offers no evidence, not even his own testimony, that suggests he filed another grievance earlier that month. Even if he had, however, his admission that he did not file any grievance until after March 4, 2008, more than sixty days after his request for legal materials was denied, dooms his claim. Because the record establishes that plaintiff did not exhaust, and now cannot exhaust, his administrative remedies, his suit must be dismissed. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (stating that "[a] prisoner's claim can be indefinitely unexhausted," if he fails to use the prison's grievance process).

---

[1]Because 2008 was a leap year, there were twenty-nine days in the month.

3

## **Conclusion**

For the foregoing reasons, the Court grants defendants' motion for summary judgment [doc. no. 12] and dismisses this action without prejudice for failure to exhaust administrative remedies. Plaintiff's motions to compel and for appointment of counsel [doc. nos. 20 & 21] are denied as moot. This case is terminated.

**SO ORDERED.**  **ENTERED:**

**September 15, 2010**

*/s/ Ronald A. Guzman*
_____
**HON. RONALD A. GUZMAN**
**United States District Judge**